IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KB HOME, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1031-L |
| | § | |
| ANTARES HOMES, LTD., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the court are Defendants' Motion for Leave to Add Omitted Counterclaim, filed June 20, 2005, and Defendants' Motion for Leave of Court to Amend Scheduling Order, filed July 5, 2005. Having considered the motions, responses, record and applicable law, the court **denies** Defendants' Motion for Leave to Add Omitted Counterclaim and **denies** Defendants' Motion for Leave of Court to Amend Scheduling Order.

## I.     Factual and Procedural Background

This is an action for copyright infringement arising under the Copyright Act of the United States, as amended, 17 U.S.C. §§ 101, *et seq.* On May 12, 2004, Plaintiff sued Defendants for copyright infringement relating to six of Plaintiff's architectural floor plans. Defendants filed an Answer on June 4, 2004. The court issued a Scheduling Order setting October 25, 2004 as the deadline for amendment of pleadings. The parties unsuccessfully attempted to mediate the case on December 7, 2004. On December 23, 2004, the court granted the Joint Motion to Amend Scheduling Order and entered an Amended Scheduling Order and reset the trial date originally set for August 1, 2005 to November 7, 2005. Thereafter, Defendants' counsel filed a motion to

withdraw, which the court granted, and Cooper & Scully filed a notice of appearance as Defendants' new attorneys in this case. On March 3, 2005, the court granted Defendants unopposed motion to file First Amended Answer. Defendants have now filed a Motion for Leave to Add Omitted Counterclaim eight months after the deadline for amending the pleadings and a Motion for Leave of Court to Amend Scheduling Order to allow an additional three months of discovery, on the date discovery was to have been completed.

**II.    Analysis**

    **I.    Defendants' Motion for Leave to Add Omitted Counterclaim**

Defendants, eight months *after* the expiration of the deadline for amending pleadings, have filed a Motion for Leave to Add Omitted Counterclaim. As their sole grounds to file an omitted counterclaim, Defendants state that they "recently discovered" an architectural floor plan that pre-dates one of the six floor plans at issue in this case. Based on this recent discovery, Defendants seek to assert a counterclaim that Plaintiff, in fact, copied Defendants' drawings as to this particular floor plan, and not vice-versa. *See* Def. Mot. to Add Countercl. at 1-2. Specifically, Defendants contend that "in the end of April 2005, defendants discovered that defendants' floor plan 2743 was created in **1999**." *Id.* at 1 (original emphasis). Defendants, relying on Fed. R. Civ. P. 13(f) and Fed. R. Civ. P. 15(a), argue that they should be granted leave to add the counterclaim as it was "omitted because of oversight, inadvertence, or excusable neglect." *Id.* at 2. In opposition, Plaintiff argues that the motion for leave to add omitted counterclaim should be denied, since Defendants cannot show good cause for the delay and granting such leave would work a substantial prejudice on Plaintiff, and would cause the court to have to re-open discovery and reset the trial in this case.

Pursuant to the court's Scheduling Order, the deadline for amendment of pleadings was

October 25, 2004. Therefore, Defendants' attempt to rely on the standards set forth in Rule 15 relating to amendment of pleadings is erroneous. While it is true that courts generally apply the standards of Rule 15(a) to determining whether to grant leave to add an omitted counterclaim under Rule 13(f), Rule 15(a) does not apply where a party has filed a motion to amend after the court-ordered pleading deadline, which is the case here. Because Defendants filed their motion for leave to add the omitted counterclaim eight months after the court-ordered deadline, Rule 16 applies.

Once a scheduling order has been entered, it can only be modified upon a showing of good cause. *See* Fed. R. Civ. P. 16(b); *S & W Enterprises, L.L.C. v. South Trust Bank of Alabama, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Amended Scheduling Order* at 8, ¶ 12 (October 23, 2004) ("Amended Scheduling Order") ("*A motion for an extension of any deadline set forth herein must be made prior to its expiration.* This order shall control the disposition of this case unless it is modified by the court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b)") (original emphasis). In deciding whether to allow untimely amendment, a court is to consider: "(1) the explanation for failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enterprises, L.L.C.,* 315 F.3d at 536 (internal quotation marks, brackets and citations omitted). The court now applies each of these factors to determine whether Defendants should be permitted to allege an omitted counterclaim at this late juncture.

Considering these factors, the court finds factors (1), (3) and (4) weigh against Defendants, and factor (2) does not weigh in favor of either party. Regarding the first factor, Defendants contend that in the end of April 2005, they discovered that their floor plan 2743 (which is similar to one of the six floor plans that is the subject of Plaintiff's copyright action) was, in fact, created in 1999.

**Memorandum Opinion and Order – Page 3**

Def. Mot. at 1. Based on this recent discovery, Defendants seek to add a counterclaim that with regard to their floor plan 2743, Plaintiff copied them. Defendants give no explanation for why this plan was not discovered earlier, where it was found or how it came to their attention. Significantly, Defendants provide no explanation for why they then waited until June 20, almost two months after they discovered the plan, to seek leave of court to add a counterclaim. This factor thus weighs against Defendants.

With regard to the second factor, the court determines that this factor does not weigh in favor of either party. First, the counterclaim would only relate to one floor plan, and not the other five alleged in Plaintiff's complaint. Additionally, the merits of the claim are questionable. *See* Pl. Resp. at 9 and Exhs. D and E thereto (version of Plaintiff's floor plan dated 9/9/99, before the creation of Defendants' plan 2743). This factor thus does not weigh in favor of either party.

With regard to the third factor, the court determines that Plaintiff would suffer significant prejudice if the amendment is allowed. Specifically, this case is set for trial on November 7, 2005, the deadline for filing of dispositive motions is August 5, 2005, and the deadline for completing discovery expired on July 5, 2005. All of these deadlines would have to be shifted, further delaying a case that Plaintiff filed on May 12, 2004. The third factor thus weighs in favor of Plaintiff.

With respect to the fourth factor, the court determines that, though arguably the court could grant an extension to cure any undue prejudice to Plaintiff, such an extension would necessitate an extension of all other deadlines, further delaying the disposition of this case. District judges have the power to control their dockets by refusing to give non-diligent litigants another chance to develop their case. *See Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997). This case is almost fifteen months old and would be further delayed if Defendants

are given leave to add a counterclaim at this late juncture. Not only would granting leave impact the timely resolution of this case, it would also affect other settings on the court's docket. The court cannot countenance such a delay absent good cause, which is lacking in this case. This factor thus weighs in favor of Plaintiff.

The court concludes, after considering all four factors, that Defendants should not be granted leave to add a counterclaim because three of the four factors weigh in Plaintiff's favor. Accordingly, the court denies Defendants' Motion for Leave to Add Omitted Counterclaim.

### B.   Defendants' Motion for Leave of Court to Amend Scheduling Order

On July 5, 2005, the expiration of the discovery deadline in this case, Defendants filed their motion for leave of court to amend the scheduling order to allow additional discovery, seeking to extend the discovery deadline by three months until October 5, 2005, and the trial date bt three months until February 6, 2006. As grounds for this extension, Defendants argue the need to take four additional depositions: Chris Matzke, Becky O'Brien, Jerry Browner and Ken Gancarcyzk. Def. Mot. to Amend Scheduling Order at 2-4. In addition, Defendants contend that, should the court allow their motion for leave to add an omitted counterclaim, additional written discovery would be required. Plaintiff opposes Defendants' motion for leave to modify the amended scheduling order, asserting that (1) Defendants have failed to show good cause under Rule 16 and (2) Defendants' motion is moot, as Defendants have at this time taken the depositions of all four individuals. *See* Pl. Resp. at 2.

Pursuant to the court's Amended Scheduling Order, the deadline for *completion* of discovery in this case was July 5, 2005. *See Amended Scheduling Order* at 4, ¶ 5. The trial judge has "wide discretion" in determining whether or not to extend the discovery period." *See Borninski v. Texas*

*Instruments, Inc.*, 32 F.Supp.2d 918, 919 (N.D. Tex. 1998) (quoting *Taylor v. Foremost-McKesson*, Inc., 656 F.2d 1029, 1033 (5th Cir. 1981)).  Having reviewed the motion, response, and the exhibits submitted by the parties, the court determines that Defendants' reasons for needing an extension do not rise to the level of "good cause" such that the court will consider modifying the July 5, 2005 discovery deadline. The court is without explanation as to why Defendants waited to seek an extension until the very date that the deadline for *completion* of discovery expired, July 5, 2005. Moreover, it is undisputed that at this time Defendants have, in fact, deposed Chris Matzke, Becky O'Brien, Jerry Browner and Ken Gancarcyzk (twice).[*]  It is difficult for the court to understand, at this late juncture, why discovery should be reopened and extended until October 5 when Defendants have already deposed the individuals in question.  Accordingly, the court concludes that Defendants have failed to show "good cause" for the court to extend discovery.

Moreover, the Scheduling Order requires that discovery be completed at least four months before the trial setting and that all dispositive motions be filed at least three months prior to the trial setting.  *See Amended Scheduling Order* at 8, ¶ 12.  The trial setting is November 7, 2005.  The deadline for filing dispositive motions is August 5, 2005.  *Id.* at 1-2, ¶ 2. Any additional discovery would necessarily cause those time periods to be truncated.  Again, the court cannot countenance such a delay absent good cause, which is lacking in this case.

**III.   Conclusion**

For the reasons herein stated, Defendants have not established good cause for the court to modify the scheduling order to extend the discovery deadline or good cause to allow Defendants to

---

[*]During an August 2, 2005 telephone conference between the court's law clerk and counsel for the all parties, Defendants confirmed that they had deposed all four individuals, but did not agree that their motion for leave of court to amend scheduling order should be withdrawn as moot. In any event, relying on *S & W Enterprises, L.L.C.* (*see supra*), the court has determined that good cause has not been shown to amend the scheduling order.

**Memorandum Opinion and Order – Page 6**

add a counterclaim at this late date. Accordingly, Defendants' Motion for Leave of Court to Amend Scheduling Order is **denied** and Defendants' Motion for Leave to Add Omitted Counterclaim is **denied**. The clerk of court is directed to return to Defendants' counsel the original and a copy of Defendants' First Amended Original Answer and Counterclaim, which was received on June 20, 2005.

      **It is so ordered** this 4th day of August, 2005.

                                            */s/ Sam A. Lindsay*
                                            Sam A. Lindsay
                                            United States District Judge