IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KB HOME, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3-04-CV-1031-L |
| § | |
| ANTARES HOMES, LTD., ANTARES § | |
| HOMES LLC, ANTARES GP, LLC, § | |
| and RONALD F. FORMBY, § | |
| an individual, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion for Summary Judgment, filed August 5, 2005. After careful consideration of the motion, response, reply, briefs, appendices, competent summary judgment evidence, record, and applicable law, the court **grants in part and denies in part** Defendants' Motion for Summary Judgment.

**I.     Factual and Procedural Background**

Plaintiff KB Home ("KB Home" or "Plaintiff") is an architectural design and home-building company that designs and builds residential developments. It is the owner of a set of architectural floor plan designs for single-family homes. KB Home has certificates of copyrights for the designs, and the drawings are deposited with the United States Copyright Office. Defendants Antares Homes, Ltd., ("Antares Ltd."), Antares Homes LLC ("Antares LLC"), Antares GP, LLC ("Antares GP") and Ronald F. Formby ("Formby") (collectively "Defendants") are also residential homebuilders.

**Memorandum Opinion and Order - Page 1**

In 1996, KB Home (known at that time as Kaufman & Broad) acquired Rayco[1] and all of Rayco's assets, including its copyrighted designs. On March 1, 1997, KB Home hired Formby as Vice-President of Sales for the Dallas Division. Formby's job was to take the old Rayco business model and implement it in the Dallas Division. His responsibilities included working closely with Rayco employees in San Antonio, and dealing hands-on with old Rayco plans that KB Home began to sell in Dallas. KB Home terminated Formby on September 30, 1998. In December 1998, Formby established Antares Homes.

KB Home filed this lawsuit on May 12, 2004, alleging copyright infringement by Defendants. It seeks a permanent injunction in addition to damages. KB Home alleges that Formby copied six of Rayco's, now KB Home's, copyrighted designs, and created architectural technical drawings in "virtually all significant respects, including overall form arrangement and composition of spaces and elements."[2] Plaintiff's Complaint at 7-8. KB Home also alleges that Defendants "marketed single family homes by publishing simplified abridged plans, based on copies of the KB Home [c]opyrighted [d]esigns, in brochures and on the internet." *Id.* KB Home further alleges that Defendants "constructed, marketed and sold single family houses that were substantially similar to each of the KB Home [c]opyrighted [d]esigns with respect to, and without limitation, the overall form and the arrangement and composition of spaces and elements." *Id.*

Defendants filed their motion for summary judgment contending that: (1) their house plans are not sufficiently similar to Plaintiff's plans to support a finding of infringement; (2) two of Plaintiff's house plans are not afforded copyright protection because "they were published without

---

[1] Rayco was a homebuilder in San Antonio, Texas.

[2] The architectural blueprints are titled Plan H-2871-R1 Design, Plan H-3288-R1 Design, Plan H-3265-R1 Design, Plan H-2334-R3 Design, Plan 240.2162.A2R Design, and Plan 240.2693 Design.

**Memorandum Opinion and Order - Page 2**

copyright notice during a period of time when such notice was required under law;" and (3) no evidence exists that they had access to one of the house plans at issue – Plan 240.2693 Design. Defendants' Brief at 1-2.

## II. <u>Analysis</u>

### A. **Summary Judgment Standard**

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986); *Ragas,* 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to

defeat a motion for summary judgment. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas,* 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.; see also Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied,* 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

  **B.**  **Copyright Infringement**

To establish a claim for copyright infringement, a plaintiff must prove that: (1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original. *Positive Black Talk Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 367 (5th Cir. 2004) (citing *General Universal Sys. v. Lee,* 379 F.3d 131, 141 (5th Cir. 2004)). With respect to the first element, "[c]opyright ownership is shown by proof of originality and copyrightability in the work as a whole and by compliance with applicable statutory formalities." *Engineering Dynamics v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994). To establish the second element, a

Case 3:04-cv-01031-L   Document 69   Filed 12/29/05   Page 5 of 13   PageID 1158

plaintiff must prove: (1) factual copying and (2) substantial similarity. *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 576 (5th Cir. 2003). Factual copying "can be prove[d] by direct or circumstantial evidence." *Id.* "As direct evidence of copying is rarely available, factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Peel & Co. v. The Rug Market,* 238 F.3d 391, 394 (5th Cir. 2001). If a plaintiff establishes an inference of factual copying (by showing access and probative similarity), the defendant can rebut that inference, and thus escape liability for infringement, if he can prove that he independently created the work. *Id.* at 398. If a plaintiff has established factual copying (and the defendant does not establish independent creation), the plaintiff must also prove that the copyrighted work and the alleged infringing work are substantially similar. *Bridgmon,* 325 F.3d at 577. To answer the question of substantial similarity, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as substantially similar. *Id.* at 576-77 (internal citation and quotation marks omitted). The question of substantial similarity should typically be left to the fact finder, however, summary judgment may be appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of ideas and expression. *Peel,* 238 F.3d at 395.

  **C.** **KB Home's Plan H-3288-R1 Design and Plan H-2334-R3 Design are Not Entitled to Copyright Protection**

Defendants contend that KB Home's Plans H-3288-R1 and H-2334-R3 are not entitled to copyright protection, as plans published prior to March 1989 without notice of copyright are not

**Memorandum Opinion and Order - Page 5**

entitled to such protection.[3] KB Home concedes that these plans are precluded from copyright protection, and therefore they do not oppose summary judgment as to these plans.[4] Plaintiff's Response at 15. Accordingly, there is no genuine issue of material fact with respect to whether these plans are entitled to copyright protection. Defendants are therefore entitled to judgment as a matter of law regarding claims related to KB Home's Plan H-3288-R1 Design and Plan H-2334-R3 Design.

### D.  Plaintiff's Infringement Claim

The parties do not dispute that KB Home has a valid copyright to the remaining four designs. The issue to be decided, therefore, is whether Defendants copied constituent elements of the KB Home's designs that are original. To establish this element, KB Home must prove factual copying and substantial similarity. *See Bridgmon*, 325 F.3d at 576. For the reasons set out below, the court determines that KB Home has raised a genuine issue of material fact that Defendants copied elements of their home designs that would preclude summary judgment.

---

[3] To establish ownership of copyright in work published prior to March 1, 1989, the claimant must show that the work was published with adequate notice of copyright. 17 U.S.C. § 10 (1976 ed.) ("Any person entitled thereto by this title may secure copyright for his work by publication thereof with the notice of copyright [.]"); *see also* 17 U.S.C. § 405(a) (stating notice requirements for works published before the effective date of the Berne Convention Implementation Act of 1988). On March 1, 1989, the United States' adherence to the Berne Convention abolished affixation of notice as a statutory requirement for securing copyright. The Berne Convention Implementation Act of 1988, Pub.L. No. 100-568, 102 Stat. 2853 § 7 (1988) (effective March 1, 1989); 17 U.S.C. § 401(a) ("[A] notice of copyright *may* be placed on publicly distributed copies[.]") (emphasis added).

[4] Plaintiff maintains that, although it concedes that these plans are precluded from copyright protection, the striking similarity of these plans to Defendants' corresponding designs is "relevant evidence that Defendants had access to KB Home's remaining copyrighted designs and did not independently create the four designs that are still at issue." Plaintiff's Response at 15. The court makes no ruling at this time as to the relevance of this evidence with respect to issues that remain for trial.

**Memorandum Opinion and Order - Page 6**

### 1. Copying

Factual copying may be inferred from proof that: (1) the defendant had access to the copyrighted work prior to creation of the infringing work; and (2) probative similarity. *See Peel*, 238 F.3d at 394.

#### a. Access

Defendants assert that there is no evidence that they copied any of the plans in question, and specifically contend that there is no evidence that they had access to KB Home's Plan 240.2693, because it was created after Formby was terminated. Defendants state:

> The earliest evidence of the existence of a drawing for KB plan 2693 is September 9, 1999 in the form of a blueprint. The earliest evidence of the existence of a drawing of Antares Plan 2743 is sometime in October 1999, in the form of a blueprint. There is no evidence that any defendant had access to KB Plan 2693 between September and October of 1999, thus there is no evidence that Antares had access to KB plan 2693 prior to the creation of Antares plan 2743.

Defendant's Brief at 22 (footnotes omitted). Plaintiff maintains, however, that there is a disputed fact as to Defendants' access to KB Home's Plan 240.2693, as there is a "reasonable possibility" that Defendants had access. Plaintiff asserts, therefore, that this issue should be decided by a jury. Plaintiff's Response at 16.

> To determine access, the court considers whether the person who created the allegedly infringing work had a reasonable opportunity to view the copyrighted work. A bare possibility will not suffice; neither will a finding of access based on speculation or conjecture. In this court, "[i]f the two works are so *strikingly* similar as to preclude the possibility of independent creation, 'copying' may be proved without a showing of access."

**Memorandum Opinion and Order - Page 7**

*Peel*, 238 F.3d at 394-95 (quoting *Ferguson v. Nat'l Broad. Co.,* 584 F.2d 111, 113 (5th Cir. 1978)) (emphasis in original).

The court determines that Plaintiff has raised a genuine issue of material fact that Formby had access to the copyrighted designs prior to creation of the alleged infringing work. Plaintiff's summary judgment evidence shows that Formby worked for KB Home from March 1, 1997, to September 30, 1998. During that period, Formby had access to the KB Home's designs. After he was terminated, Formby established his own company within a few months, and began building houses that are arguably substantially similar to KB Home's designs. Formby also admits in his deposition that he visited KB Home models and took their brochures after he established Antares Homes. Plaintiff's App. at 186-88. Plaintiff, therefore, has presented evidence of factual copying by establishing, through circumstantial evidence, that Formby had access to the copyrighted work prior to creation of the alleged infringing work.

Regarding KB Home's Plan 240.2693, Plaintiff has presented evidence that the plan existed in schematic form before the detailed construction drawings of September 9, 1999; and that it existed before Defendants' alleged infringing design that was created in October 1999. A reasonable person could infer that because of Formby's position with KB Home, he had access to this plan in some form prior to his termination. Further, as KB Home correctly points out, copying may be proved without showing access, if the two works are so *strikingly* similar as to preclude the possibility of independent creation. *See Peel*, 238 F.3d at 395. Plaintiff presents evidence to show that the plans are not just similar, but that they are allegedly identical. Plaintiff's Response at 22-23. Plaintiff has thus presented evidence to raise a fact question regarding factual copying with respect to KB Home's Plan 240.2693.

### b. Probative Similarity

Probative similarity "requires only that certain parts of the two works are similar, such that the jury may infer factual copying in light of the defendant's access to the plaintiff's work." *Positive Black Talk Inc.,* 394 F.3d at 369.

> [A] jury may find that two works are probatively similar if it finds any similarities between the two works (whether substantial or not) that, in the normal course of events, would not be expected to arise independently in the two works and that therefore might suggest that the defendant copied part of the plaintiff's work.

*Id.* at 370. The court determines that Plaintiff has presented evidence of probative similarity to defeat summary judgment. As more fully discussed in Section II(D)(2), *infra*, Plaintiff has presented competent summary judgment evidence of the similarities of Plaintiff's and Defendants' home designs to raise a genuine issue of material fact that the designs have probative similarity. Specifically, because of Defendants' access to KB Home's designs, and the similarities between the floor plans, a reasonable jury could find that the similarities did not arise independently, but because Defendants copied part of Plaintiff's work.

### c. Independent Creation

A defendant can rebut an inference of factual copying if he can prove that he independently created the work. *Peel,* 238 F.3d at 398. Defendants make no specific argument, or point to any specific evidence of independent creation, other than their contentions that the home designs are not substantially similar or virtually identical. As the court has determined that there is a genuine issue of material fact as to factual copying and substantial similarity, there is also a genuine issue of material fact regarding independent creation.

### 2. Substantial Similarity

If a plaintiff establishes factual copying (and the defendant does not establish independent creation), the plaintiff must also prove that the copyrighted work and the allegedly infringing work are substantially similar. *Bridgmon,* 325 F.3d at 576. This essential element of an infringement claim is defined as "copying of constituent elements of the work that are original." *Peel,* 238 F.3d at 398 (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991)). A side-by-side comparison between the original and the copy is required to determine whether a layman would view the two works as substantially similar. *Bridgmon,* 325 F.3d at 576-77.

Defendants contend that sufficient differences exist between their plans and KB Home's plans to support summary judgment in their favor. Defendants maintain that in assessing the similarity between the plans, the court should use the standard established by the Eleventh Circuit that the plans must have the following identical or nearly identical elements: (1) layouts, placement and room dimensions; (2) outside appearances; (3) placement, types, and sizes of windows and doors; and (4) placement of fixtures. *See Mitek Holdings, Inc. v. Arce Eng'g Co., Inc.,* 89 F.3d 1548, 1558-59 (11th Cir. 1996); *Howard v. Sterchi*, 974 F.2d 1272, 1275-76 (11th Cir. 1992). Alternatively, Defendants contend that even if the substantial similarity test is used and not the nearly identical test, their plans are still sufficiently different from the KB Home's plans to warrant a finding of non-infringement as a matter of law. Defendants' Brief at 19.

KB Home responds that Defendants' designs are substantially and strikingly similar to their designs; and that the many similarities "create a disputed issue of fact regarding 'substantial similarity.'" Plaintiff's Response at 12. KB Home further maintains that the Eleventh Circuit standard is inapplicable in the Fifth Circuit for copyright infringement cases, and that the appropriate

standard of "'substantial similarity of ideas and expression'" should typically be left to the fact finder. *Id.* at 7 (citing *Peel*, 238 F.3d at 395). The court agrees that the Eleventh Circuit standard is inapplicable here.

In their brief, Defendants present 14 pages of comparisons of its plans and those of KB Home, contending that there are sufficient differences to support summary judgment in their favor. Differences include shelf width, window design, door swing direction, closet size, ceiling type, room location and room dimension. Some of the dimension differences are a matter of inches, and others a matter of feet. Likewise, Defendants' appendix contains approximately 300 pages of architectural designs and experts reports[5] in support of their motion.

Plaintiff has submitted in excess of 150 pages of architectural designs to support its contention that the plans are substantially similar, along with their expert reports.[6] Plaintiff also presented transparency overlays of Antares designs on their designs, as evidence of substantial similarity. The court concludes that the overwhelming evidence from both sides presents a classic

---

[5]On October 5, 2005, United States Magistrate Judge Paul D. Stickney granted Plaintiff's Motion to Exclude the Reports and Testimony of Defendants' Expert Witness Jack P. Friedman. The magistrate judge determined that Friedman's proposed testimony "is not based on sound scientific principles, would invade the province of the jury, and would not reasonably assist the jury's deliberation." The magistrate judge also granted in part and denied in part Plaintiff's Motion to Strike and Exclude the Opinion of Defendants' Expert Witness Jim W. Sealy. The magistrate judge determined that Sealy is permitted to testify; however, he cannot "testify as to what constitutes the law pertaining to copying because this testimony would invade the province of the Court." Docket No. 64. Accordingly, the court did not consider those excluded expert reports in this opinion and order. Defendants did not file objections to the magistrate judge's ruling within 10 days pursuant to Fed. R. Civ. P. 72.

[6]On October 5, 2005, United States Magistrate Judge Paul D. Stickney granted Defendants' Motion to Exclude Expert Testimony and Opinion of Phillip M. Hove. The magistrate judge determined that Hove's "proposed testimony is not based on sound scientific principles, would invade the province of the jury, and would not reasonably assist the jury's deliberation." Docket No. 64. Accordingly, the court did not consider this excluded expert report in this opinion and order. Plaintiff did not file objections to the magistrate judge's ruling within 10 days pursuant to Fed. R. Civ. P. 72.

question of fact for the fact finder. Reasonable minds, particularly minds of reasonable laypersons, could differ as to whether the designs are substantially similar. In light of Plaintiff's summary judgment evidence, and drawing all inferences in Plaintiff's favor, the court determines that a reasonable juror could find substantial similarity of the home designs. *See Peel*, 238 F.3d at 395. Thus Plaintiff has raised a genuine issue of material fact that Defendants' home designs are substantially similar to their home designs. Such evidence precludes summary judgment.

### III.   Conclusion

For the reasons stated herein, a genuine issue of material fact exists with respect to factual copying by Defendants, and substantial similarity between the Antares Plans and the KB Home Plan H-2871-R1 Design, Plan H-3265-R1 Design, Plan 240.2162.A2R Design, and Plan 240.2693 Design. The court **denies** Defendants' Motion for Summary Judgment as to these four plans, and this action, unless resolved by the parties, will proceed to trial on these plans. The court **grants** Defendants' Motion for Summary Judgment as to KB Home's Plan H-3288-R1 Design and Plan H-2334-R3 Design, and **dismisses with prejudice** all claims related to these two plans.

In light of this opinion, the court **directs** the parties to inform it in writing, on or before **January 12, 2006**, whether they believe a second mediation is in order and, if so, the date when such mediation can occur. Once the court receives this information, it will issue a new scheduling order as to pretrial and trial matters.

**It is so ordered** this 29th day of December, 2005.

                                                Sam A. Lindsay
                                                United States District Judge