IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KB HOME, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1031-L |
| | § | ECF |
| ANTARES HOMES, LTD., | § | |
| ANTARES HOMES, LLC, | § | |
| ANTARES GP, LLC, and | § | |
| RONALD F. FORMBY, | § | |
| an individual. | § | |
| | § | |
| Defendants. | § | |

## AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION[1]

Pursuant to the District Court's Order (doc. 242), Defendants' Motion for Attorney's Fees (doc. 229) has been refereed to the United States Magistrate Judge for hearing, if necessary, and recommendation. Plaintiff KB Home ("Plaintiff") responded to the motion on March 31, 2008 (doc 245). Defendants Antares Homes, LTD., Antares Homes, LLC, Antares GP, LLC, and Ronald F. Formby (collectively "Defendants") replied on April 15, 2008 (doc. 251). The Court finds that a hearing is unnecessary. After considering the arguments, the Court recommends that the District Court **DENY** Defendants' Motion for Attorney's Fees.

**I.**

Defendants seeks their attorney's fees pursuant to FED. R. CIV. P. 54(d) and 17 U.S.C. § 505 (2006) because it is the prevailing party in this copyright infringement action. At issue in the case

---

1. The Court enters this Amended Findings, Conclusions, and Recommendation to correct a typographical error in the previous order.

were several sets of architectural drawings created and owned by Plaintiff, which Defendants allegedly copied and used to build homes. Plaintiff filed this complaint in May 2004. The case was eventually tried in February 2007. At the conclusion of trial, the jury returned a verdict in favor of Defendants. Defendants now seek their attorney's fees.

**II.**

Section 505 of the Copyright Act provides: "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof[;] [e]xcept as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (2006). The United States Supreme Court, in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), determined that prevailing plaintiffs and prevailing defendants should be treated alike. The Supreme Court noted that there were several factors that courts may use in their determination of whether attorney's fees should be awarded to either party. *Id.* at 535 n. 19. These factors include frivolousness, objective reasonableness, motivation, and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* Since the Supreme Court's decision in *Fogerty*, the Fifth Circuit has continuously held that while awarding attorney's fees to the prevailing party in a copyright action is in the court's discretion, it "is the rule rather than the exception and should be awarded routinely." *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004) (quoting *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994)).

Plaintiff argues that Defendants are not entitled to attorney's fees because they cannot show that Plaintiff's case was frivolous, objectively unreasonable, or brought with questionable motivation. Defendants respond that while the factors listed by the Supreme Court in *Fogerty* may

2

be considered, they are not required. In support of this argument, Defendant cites to several cases from the Northern District of Texas that awarded attorney's fees. (Def.'s Reply at 2.) The courts in these cases awarded attorney's fees, indicating that they found no reason to depart from the general rule that attorney's fees are routinely awarded. *See e.g.*, *PAR Microsystems, Inc. v. Pinnacle Development Corporation*, 995 F.Supp. 655 (N.D. Tex. 2006) (Fitzwater, J.); *EMI April Music Inc. v Know Group, LLC*, 2006 WL 3203276, at *6 (N.D. Tex. 2006) (Lynn, J.); *OP Art, Inc. v. B.I.G. Wholesalers, Inc.*, 2006 WL 740931, at *1 (N.D. Tex. 2006) (Solis, J.); *Playboy Enterprises, Inc. v. Webbworld, Inc.*, 986 F. Supp. 1171, 1177 (N.D. Tex. 1997) (Saffels, J., sitting by designation)

There is no indication in the cases cited to by Defendant that the courts disregarded the *Forgerty* analysis in reaching their decisions. In fact, the courts recognize that these factors are part of the analysis in determining whether to award attorney's fees. For example, in *EMI April Music, Inc. v. Know Group, LLC*, No. 3:05-CV-1870-M, 2006 WL 3203276 (N.D. Tex. Nov. 6, 2006) (Lynn, J.), the court found "no reason why this case should be governed by an exception rather than the rule." *EMI April Music*, 2006 WL 3203276, *6. However, in reaching that determination, the court found that the defendants "failed to put forward any good faith defense to their blatant copyright infringement." *Id.* The defendants were offered a license to legitimate their musical performances, but declined the license, which resulted in a willful infringement. *Id.* Likewise, in *OP Art*, Judge Solis awarded Defendant reasonable attorneys' fees because the court determined that there was a "complete lack of any factual or legal foundation for the allegations" brought against the defendant. *OP Art*, 2006 WL 740931, at *2. Therefore, in determining that attorney's fees should be awarded, the courts in the Northern District do considered the factors listed in *Forgerty*.

Moreover, the Fifth Circuit has held that the *Forgerty* factors must be considered in determining whether to award attorney's fees to either a prevailing plaintiff or prevailing defendant. *Galiano v. Harrah's Operating Company, Inc.*, 416 F.3d 411, 423 (5th Cir. 2005). In *Galiano*, the district court awarded that prevailing party attorney's fees without considering the *Forgerty* factors. *Id.* The Fifth Circuit found this to be in error. *Id.* at 423 n. 30 (noting that the Fifth Circuit interprets the passage in *Forgerty*, which states the "such factors *may* [be] used to guide the courts' discretion," as "directing the lower court to apply these factors symmetrically, but not in such a way that reduces them to an end-around to the British Rule."). The Fifth Circuit remanded the case, instructing the district court to apply these factors when making its decision whether to award attorney's fees. *Id.* In *Virgin Records America, Inc. v. Thompson*, 512 F.3d 724 (5th Cir. 2008), the Fifth Circuit affirmed the district court's decision to not award attorney's fees. *Virgin Records*, 512 F.3d at 727. In reaching this decision, the Fifth Circuit noted that the district court followed the proper standard by applying the *Fogerty* factors to the facts of the case and determining that they weighed against awarding attorney's fees. *Id.* at 726–27. Accordingly, the Court rejects Defendant's contention that it is unnecessary to consider the *Forgerty* factors.

### III.

The Defendants do not allege, and the Court does not find that Plaintiff's claims were frivolous or that Plaintiff's had improper motivation in bringing suit. As a result, the Court need only consider whether Plaintiff's claims were objectively reasonable and if awarding fees would advance considerations of compensation and deterrence.

**A. Objective Reasonableness**

Defendants first argue that many of Plaintiff's claims were unreasonable. (Def.'s Reply at

4

3.) Defendant first contends that Plaintiff should have adequately researched the two plans that were eventually dismissed on summary judgment prior to bringing the lawsuit, and that its failure to do so was unreasonable. Summary judgment eliminated two of the six copyrights initially part of this action. It was discovered that, in 1988 and early 1989, a San Antonio newspaper had published an abridged version of the two copyrighted floor plans without copyright legends. Plaintiff did not acquire the rights to these plans until 1996. There is no indication that Plaintiff knew or should have known of these publications. Once it was discovered that these publications invalidated its copyright in the two plans, Plaintiff did not oppose their dismissal from the case. Therefore, the Court finds that these claims were objectively reasonable.

Defendants next argue that it was unreasonable for Plaintiff to claim that Defendants' plan 2743 copied Plaintiff's plan 2693. Defendants claim that the testimony of Plaintiff's only corporate witness demonstrated that Defendants' plan was created prior to Plaintiff's plan. While Plaintiff's corporate witness testified that plan 2693 was not completed until March 14, 2000, Judge Lindsay, in denying Defendants' motion for summary judgment on plan 2693, found that other evidence existed suggesting that the plan existed in schematic form before Defendants' plan was created. Moreover, a former employee of Plaintiff testified in trial that the plan was first drawn in April or May 1999. Accordingly, based on the evidence, the Court finds that there was a question as to which design was created first, and the claim was not objectively unreasonable. The fact that the jury ultimately determined that Defendant did not infringe this plan, and may have based its decision in part on the testimony of Plaintiff's corporate witness, does not alter the Court's determination that the claim was reasonable.

Finally, Defendant alleges that Plaintiff's remaining claims were unreasonable. As an

example, Defendant points to Plaintiff's claim that Defendants' floor plan 2273 was a copy of Plaintiff's floor plan 2162, even though there was 111 square feet difference between the two plans. This difference did not result in Judge Lindsay awarding summary judgment on this claim. There remained a genuine issue of material fact as to whether these two plans were substantially similar. The mere fact that the two plans were different sizes does not persuade the Court that Plaintiff's claim was objectively unreasonable.

Moreover, Judge Lindsay expressly found that Plaintiff's were the rightful owners of the four copyrights it took to trial. Likewise, Judge Lindsay ruled that Defendants had access to three of the four plans at issue in trial. As a result, the Court finds that Plaintiff's claims were objectively reasonable.

**B. Advancing Considerations of Compensation and Deterrence**

The Fifth Circuit has held that "[p]laintiffs should not be deterred from bringing future suits to protect their copyrights because they brought an objectively reasonable suit." *Virgin Records*, 512 F.3d at 727. As discussed above, Plaintiff's claims were objectively reasonable. Plaintiff was found to be the rightful owner of four valid copyrights. Defendants had access to at least three of the four plans at issue. There was a genuine issue of material fact as to whether Defendants copied Plaintiff's protected works. The Court finds that awarding attorney's fees would not deter frivolous or unreasonable litigation.

Defendants alleges that it would be deterred from defending its copyrights if they were not allowed to recover fees. However, the same can be said in any case in which the court decides not to award attorney's fees. Allowing Defendants to prevail on its motion for attorney's fees based on this reasoning alone would indicate a return to the British Rule, where attorney's fees are

6

automatically awarded to every prevailing party. This rule was rejected by the Supreme Court, in *Fogerty*. Accordingly, because Plaintiff's claims were not frivolous, were objectively reasonable, and brought free of improper motive, the Court finds that this argument alone is not persuasive.

**CONCLUSION**

In deciding whether to award attorney's fees, the court must analyze the fact of the case under the factors approved by *Fogerty*. After considering frivolousness, objective reasonableness, motivation, and considerations of compensation and deterrence, in relation to Plaintiff's claims, the Court finds that those factors weigh against awarding attorney's fees. Accordingly, the Court recommends that the District Court **DENY** Defendants' motion for attorney's fees.

**SO ORDERED**. July 23, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# **INSTRUCTIONS FOR SERVICE AND**
# **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).