IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KB HOME,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:04-CV-1031-L** | |
| § | | |
| **ANTARES HOMES, LTD., ANTARES** § | | |
| **HOMES LLC, ANTARES GP, LLC,** § | | |
| **and RONALD F. FORMBY,** § | | |
| **an individual,** § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Plaintiff's Motion for Judgment as a Matter of Law, filed March 7, 2008; (2) Plaintiff's Motion for a New Trial, filed March 7, 2008; and (3) Plaintiff's Motion, in the Alternative, to Amend the Judgment, filed March 7, 2008. After carefully considering the motions, briefs, record, and applicable law, the court **denies** Plaintiff's Motion for Judgment as a Matter of Law; **denies** Plaintiff's Motion for a New Trial; and **denies** Plaintiff's Motion, in the Alternative, to Amend the Judgment.

**I.     Factual and Procedural History**

This case involves a dispute relating to architectural floor plan designs for single-family homes. Plaintiff KB Home ("KB Home" or "Plaintiff") alleged that Defendants Antares Homes, Ltd., ("Antares Ltd."), Antares Homes LLC ("Antares LLC"), Antares GP, LLC ("Antares GP") and Ronald F. Formby ("Formby") (collectively, "Defendants") infringed upon its copyrights for certain floor plans.

**Memorandum Opinion and Order - Page 1**

In its Complaint, KB Home alleged that Formby copied six of KB Home's copyrighted designs and marketed, constructed, and sold homes that are substantially similar to the plans designed by KB Home. KB Home initially argued that six of its plans were copied by Defendants: Plan H-2871-R1 Design ("plan 2871"); Plan H-3288-R1 Design ("plan 3288"), Plan H-3265-R1 Design ("plan 3265"); Plan H-2334-R3 Design ("plan 2334"); Plan 240.2162.A2R Design ("plan 2162"); and Plan 240.2693 Design ("plan 2693"). The court granted in part Defendants' motion for summary judgment on December 29, 2005, dismissing KB Home's claims with regard to plans 3288 and 2334. Accordingly, the remaining plans, 2871, 3265, 2162, and 2693, are referred to collectively as the "KB Home plans." The plans that Plaintiff alleges are infringing are referred to collectively as the "Antares plans." Plaintiff contends that its plans are protected by U.S. copyrights VAu 599-560, VAu 599-561, VAu 599-562 (all as amended) (hereinafter, the "Copyrights").

The court allowed Plaintiff to file a second summary judgment, which it granted in part and denied in part on June 28, 2007. The court held that there were no genuine issues of material fact with respect to ownership of the Copyrights, validity of the Copyrights, or Defendants' access to plans 2871, 2162, or 3265. The court held:

> Genuine issues of material fact remain [for trial] with respect to: (1) whether Defendants had access to plan 2693; whether the KB Home[] and Antares plans are probatively similar; (3) whether Defendants copied the KB Home[] plans; (4) whether Defendants independently created the Antares plans; and (5) whether the KB Home[] and Antares plans are substantially similar.

Mem. Op. and Order (June 28, 2007) 19-20.

This case was tried to a jury between February 19 and 22, 2008. Plaintiff moved pursuant to Rule 50 of the Federal Rules of Civil Procedure for judgment as a matter of law on infringement

of the Copyrights and for damages. The court denied the motion. The jury returned a verdict on February 22, 2008. The jury answered "no" to following three questions:

> **Question No. 1a**: Did Plaintiff KB Home prove by a preponderance of the evidence that KB Plan 2871 is probatively similar to Antares Plan 2842? . . .
>
> **Question No. 2a**: Did Plaintiff KB Home prove by a preponderance of the evidence that KB Plan 3265 is probatively similar to Antares Plan 3392? . . .
>
> **Question No. 3a**: Did Plaintiff KB Home prove by a preponderance of the evidence that KB Plan 2162 is probatively similar to Antares Plan 2273?

Court's Charge to the Jury (Feb. 22, 2008) 10, 13, 16. For the fourth set of plans, KB Home plan 2693 and Antares plan 2743, the court asked two questions about access and independent creation, and the jury answered "no" to each of the following questions:

> **Question No. 4a1**: Did Plaintiff KB Home prove by a preponderance of the evidence that Antares had access to KB Home Plan 2693 prior to the creation of Antares Plan 2743? . . .
>
> **Question No. 4a2**: Are KB Home Plan 2693 and Antares Plan 2743 so strikingly similar as to preclude the possibility of independent creation?

*Id.* at 19. Because the jury answered "no" to these questions, pursuant to the court's instructions, it did not reach questions about the probative similarity or substantial similarity of the KB Home plans and the Antares plans or damages.

The court entered judgment on February 26, 2008, and stated that based upon the jury's answers, "there is no actionable copyright infringement." Judgment (Feb. 26, 2008) 1. On March 7, 2008, Plaintiff filed the three motions now before the court.

## II. Motion for Judgment as a Matter of Law

The court considers first Plaintiff's Motion for Judgment as a Matter of Law. The court may grant a motion for judgment as a matter of law if it finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). The court must review all of the evidence in the record and "draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Judgment as a matter of law should be granted only "if the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Coffel v. Stryker Corp.*, 384 F.3d 625, 630 (5th Cir. 2002); *see also Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 296 (5th Cir. 2005). Thus, a jury verdict must be upheld unless "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Id*. at 296-97 (internal quotations omitted)

Plaintiff specifically seeks judgment as a matter of law on the following issues: (1) factual copying of KB plans 2871, 3265, 2162, and 2693; (2) lack of independent creation of Antares plans 2842, 3392, 2273, and 2743; and (3) infringement of the Copyrights.

After stating that the court "has been exposed to a number of different explanations and arguments that all, ultimately, go to just a very few basic questions," Mot. 3, Plaintiff goes on to spend half of the pages of its motion addressing what it deems "first principles" of copyright law. In this lengthy discussion, Plaintiff relies heavily on the *Nimmer* copyright treatise and cites cases from district courts outside this circuit in similar cases. Plaintiff then argues that no reasonable jury could have found that Defendants did not have access to KB Home plan 2693 and that the KB Home plans and the Antares plans are not probatively, strikingly, or substantially similar.

Defendants respond that the court has already determined that only jury issues remained after the summary judgment briefing and that there was sufficient evidence for a jury to reach the verdict that it did. They point to testimony that a jury could have relied upon in answering the court's questions.

The first half of Plaintiff's motion does not apply this legal standard, but instead is a lengthy explication and lecture on copyright law in the context of architectural drawings, prefaced with this thinly-disguised, condescending remark: "KB Home respectfully suggests that when these issues are sorted out and understood, the application of the law to the facts of this case is relatively straightforward." Mot. 3. Plaintiff then goes on for several pages, citing numerous cases from other circuits and unpublished district court decisions, which of course are not binding on this court. With respect to KB Home, the court has already found that in this circuit determining probative and substantial similarity is a jury question. Mem. Op. and Order (Dec. 29, 2005) 9, 11-12; Mem. Op. and Order (June 28, 2007) 15-16. Plaintiff does not directly address this contention, but, without seeking reconsideration of earlier orders or arguing that the jury instructions were improper, seems to argue that the legal standard used by the court is incorrect. Such argument is inappropriate in the context of a Rule 50(b) motion, and Plaintiff, of course, may appeal the court's prior opinions. Plaintiff seems to find incomprehensible the notion that, on a fact issue, the jury reached a different conclusion than it would have.

Plaintiff does argue that the Rule 50(b) standard has not been met, and that no reasonable jury could conclude that Defendants did not have access to plan 2693 or that the KB Home and Antares plans are not strikingly, probatively, or substantially similar. Defendants respond that there was sufficient evidence and the jury's verdict was reasonable.

The court first determines whether a reasonable jury could determine that Defendants did not have access to plan 2693. Plaintiff points to evidence regarding the timing of the creation of this plan and Formby's testimony that he had visited KB Home developments. Defendants point out that Formby also testified that he had never seen plan 2693 prior to this lawsuit. The court concludes that a reasonable jury, crediting Formby's testimony that he had never seen plan 2693, could find that Defendants did not have access to plan 2693. Plaintiff's arguments notwithstanding, it is not the court's province to second-guess the jury's findings as to the credibility of witnesses or how it weighed the testimony. There is sufficient evidence on the record to support the jury's answer to question 4a1 regarding Defendants' access to KB Home plan 2693.

With respect to the similarity of the KB Home and Antares plans, Plaintiff again argues that no reasonable jury could have reached the conclusion it did in finding that KB Home plan 2693 and Antares plan 2743 are not strikingly similar and that the other three groups of plans are not probatively similar. The court has already noted that in this circuit, the similarity of the plans is an issue that is reserved for the jury. Even if the court would have reached a different verdict, this is not reason to set aside the verdict with respect to a classic fact issue. The court has reviewed the transcript and finds that there is evidence supporting Defendants' theory of independent creation and differences between the plans. This is sufficient evidence to support the jury's decision that the plans in question were not strikingly or probatively similar and the use of cleverly-crafted legal arguments by Plaintiff does not alter the jury's decision. How the jury viewed the testimony or weighed the evidence and testimony is not for the court to second-guess, and the court will not disturb the jury's verdict.

Accordingly, the court concludes that Plaintiff has failed to show that a reasonable jury would not have a legally sufficient evidentiary basis to reach the verdict that it did. Plaintiff's apparent disbelief that the jury could have found Defendant Formby or Defendants' experts credible is not reason to set aside the verdict. The court therefore **denies** Plaintiff's Motion for Judgment as a Matter of Law.

### III. Motion for a New Trial

Plaintiff has also moved for a new trial. A court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The court may grant a new trial "for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

Plaintiff asserts six grounds for this motion. First, Plaintiff argues that the court's decision to exclude certain exhibits showing third-party plans prevented the jury from fairly evaluating the issue of probative similarity. Second, KB Home contends that a reasonable jury could not have concluded that the KB Home plans and the Antares plans were not probatively similar. Third, Plaintiff asserts that the court's refusal to include jury instructions on the meaning of "striking similarity" or concerning non-literal copying and partial copying prevented the jury from fairly evaluating the issue of whether Antares plan 2743 was strikingly similar to KB Home plan 2693. Fourth, Plaintiff argues that no reasonable jury could have concluded that Antares plan 2743 was not strikingly similar to KB Plan 2693. Fifth, KB Home contends that the court's overruling of its hearsay objection to Plaintiff's Exhibit 31 may have prevented the jury from fairly considering

whether Defendants had access to KB plan 2693. Finally, Plaintiff asserts that the court's refusal to exclude Defendants' Exhibit 124, as well as Defendants' counsel's argument about it and other exhibits, was error.

For the reasons set forth above, the court finds that Plaintiff's second and fourth grounds for a new trial should be denied because, as previously discussed, there was sufficient evidence to support the jury's verdict. Accordingly, the court only specifically addresses the other four grounds. Before reaching the specifics, the court notes that each of these issues was raised and argued at trial or in a conference, and that Plaintiff's motion largely makes the same arguments that have been rejected once already.

Plaintiff's first objection is that the court erred in excluding certain exhibits that included third-party architectural blueprints. Plaintiff contends that this exclusion was not harmless because it affected KB Home's ability to recover. Defendants respond that these plans were not probative because the jury is to compare only the plans at issue, and that even if there is some probative value, it is outweighed because the third-party plans not at issue would be confusing or misleading. The court has reviewed the parties' arguments and stands by its ruling that the only plans the jury should have seen are the plans at issue. The other third-party plans are misleading or confusing, so that even if they have probative value, the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

In its third objection, Plaintiff argues that the court's failure to include an instruction on "striking similarity" was also error and that the jury was improperly charged. Defendants respond that much of Plaintiff's requested jury instruction was actually included in the court's specific question regarding whether KB Home plan 2693 and Antares plan 2743 were strikingly similar, that

Plaintiff's proposed instruction did not correctly state the law, that the term "strikingly similar" did not need specific definition, and that there was no error in omitting Plaintiff's proposed instruction. Defendants also argue that there is evidence to support the jury's verdict that the plans were not strikingly similar. The court has reviewed the parties' arguments, Plaintiff's proposed jury instruction, and the charge to the jury and it stands by its decision to omit Plaintiff's proffered instruction. The court believes that the question submitted to the jury accurately and adequately reflects the law of this circuit and that the additional language Plaintiff sought to include was not necessary.

Plaintiff's fifth objection is that the court erred by overruling its hearsay objection to Plaintiff's Exhibit 31, an exhibit of Antares plan 2743. Plaintiff states that the exhibit shows how the plan existed in October 2002, not October 1999 as argued by Defendants, and that the court's failure to issue a limiting instruction was error. Defendants point out that Exhibit 31 was offered by KB Home and was preadmitted without objection on October 3, 2006, and thus this objection has been waived. Defendants also argue that Plaintiff relies on other exhibits that also include dates of creation. Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure provides that any objection to the admissibility of materials disclosed pretrial "not so made – except for one under Federal Rule of Evidence 402 or 403 – is waived unless excused by the court for good cause." The court determined that because Plaintiff objects to its own exhibit and because it failed to raise this objection until trial, the objection was waived. Moreover, the court determines that Plaintiff did not show that good cause existed to excuse its waiver. Whether Plaintiff's Exhibit 31 relates to 1999 or 2002 goes to the weight of the evidence, not its admissibility. There was testimony present at trial

regarding the year and the jury is free consider and weigh this evidence. The court will not revisit this ruling.

Finally, Plaintiff objects to the court's failure to exclude Plaintiff's Exhibit 40 and Defendants' Exhibits 124 and 414, as well as Defendants' closing argument concerning these exhibits. Plaintiff argues that as a matter of law these documents, which include registration materials submitted to the Copyright Office, are irrelevant because the court had already ruled on the validity of the Copyrights. Plaintiff argues that Defendants improperly used this evidence and accused Plaintiff's counsel of fraud and also argue that Defendants engaged in other improper tactics, such as showing a California flag when describing KB Home. Defendants respond that Plaintiff made a single objection during their closing argument and never raised the issue of the California flag. Defendants also argue that these documents were relevant to the issue of whether they had access to plan 2693 and that the closing argument was proper. Plaintiff's Exhibit 40 and Defendants' Exhibit 414 were preadmitted without objection on October 3, 2006. The court overruled Plaintiff's objections to Defendants' Exhibit 124 on September 11, 2007. The court determines that these exhibits were properly admitted and that any objection not raised during closing argument was waived, and no good cause was established to excuse Plaintiff's waiver. Moreover, the court finds that Defendants' argument regarding certain dates is relevant to the issue of access, and the jury was not charged or questioned with respect to the validity of the Copyrights. Accordingly, taken as a whole, Defendants' use of the exhibits and comments during closing argument did not cause Plaintiff harm.

For the foregoing reasons, the court concludes that Plaintiff is not entitled to a new trial. Accordingly, it **denies** Plaintiff's Motion for a New Trial.

## IV.    Motion to Amend the Judgment

Plaintiff also moves in the alternative to amend the judgment; specifically, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, it asks the court to amend its judgment to include that KB Home owns valid copyrights for the KB Home plans. Plaintiff points to the court's June 28, 2007 order, in which the court held that Plaintiff owned valid copyrights, and asks the court to add these findings to the judgment. Defendants respond that the court's judgment specifically incorporated the June 28, 2007 order and that there is no "manifest injustice" to Plaintiff by the current judgment. Plaintiff replies that it simply seeks a change to the judgment to make clear that the issues of validity and ownership have been fully litigated. Plaintiff also points out that the parties are engaged in litigation in Fort Worth and Defendants have again contested the issues of ownership, validity, and access.

The court has considered the parties' arguments and determines that it is clear that the judgment relied upon the June 28, 2007 memorandum opinion and order. There is no question the court made specific reference to its earlier orders in the judgment. The court has done all it is required to do by law, and its job is simply to issue judgment based upon the law and facts of the case before it. Moreover, it is not incumbent upon the court to assist a party in litigating another case. Plaintiff's proposed amended is unnecessary for the adjudication of this action. Accordingly, the court **denies** Plaintiff's Motion, in the Alternative, to Amend the Judgment.

## V.    Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Motion for Judgment as a Matter of Law; **denies** Plaintiff's Motion for a New Trial; and **denies** Plaintiff's Motion, in the Alternative, to Amend the Judgment.

**It is so ordered** this 23rd day of October, 2008.

Sam A. Lindsay
United States District Judge